AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case  
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## District of Columbia

UNITED STATES OF AMERICA  
v.  
Robert Sanford

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: CR 21-86  
USM Number: 25506-509

**Date of Original Judgment:** 4/11/2023  
*(Or Date of Last Amended Judgment)*

Andrew M. Stewart, Esq.  
Defendant's Attorney

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s) **Two (2) of the Superseding Indictment**
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 111(a)(1) and (b) | Assaulting, Resisting, or Impeding Certain Officers  Using a Dangerous Weapon | 1/6/2021 | 2s |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) **1, 1s, 2, 3, 3s, 4, 4s, 5, 5s and 6s** ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/10/2024  
Date of Imposition of Judgment

Signature of Judge

Paul L. Friedman  U.S. District Court Judge  
Name and Title of Judge

October 10, 2024  
Date

DEFENDANT: Robert Sanford
CASE NUMBER: CR 21-86

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

    Count 2s: Term of Imprisonment reduced to TIME SERVED.
   \*\* (Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the attached order signed by the court)\*\*

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

                                                    UNITED STATES MARSHAL

                                   By _____
                                                     DEPUTY UNITED STATES MARSHAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROBERT SANFORD, )<br>)<br>Defendant. )<br>) | Criminal No. 21-0086 (PLF) |

ORDER

Pending before the Court is the government's Unopposed Motion to Reduce Term of Imprisonment to Time Served [Dkt. No. 62]. The government, on behalf of the Director of the Federal Bureau of Prisons, requests a modification of the term of imprisonment of Mr. Sanford to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to Mr. Sanford's terminal illness.

On September 23, 2022, Mr. Sanford pleaded guilty to one count of assaulting, resisting, or impeding officers using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b). See Plea Agreement [Dkt. No. 47]. On April 11, 2023, the Court sentenced Mr. Sanford to a 52-month term of imprisonment, with 36 months of supervised release to follow, and payment of a $100 special assessment and $5,798 in restitution. See Judgment [Dkt. No. 58]. Mr. Sanford currently has a projected release date of April 14, 2026.

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court is authorized, upon motion of the Director of the Federal Bureau of Prisons, to modify a term of imprisonment after finding that extraordinary and compelling reasons warrant the reduction. The Director of the Federal Bureau of Prisons represents, and the Court agrees, that Mr. Sanford's terminal illness constitutes extraordinary and compelling reasons warranting the requested reduction, consistent with U.S.S.G.

§ 1B1.13(b)(1)(A). Accordingly, it is hereby

ORDERED that the government's Unopposed Motion to Reduce Term of Imprisonment to Time Served [Dkt. No. 62] is GRANTED; it is

FURTHER ORDERED that Mr. Sanford's term of imprisonment imposed on April 11, 2023, is hereby reduced to the time he has already served; it is

FURTHER ORDERED that Mr. Sanford shall be released from the custody of the Federal Bureau of Prisons as soon as his medical condition permits and necessary arrangements can be made; it is

FURTHER ORDERED that upon his release from the custody of the Federal Bureau of Prisons, Mr. Sanford shall begin serving his 36-month term of supervised release under the supervision of the Probation Office of the United States District Court for the Eastern District of Pennsylvania with all other conditions to remain in effect until further order of the Court; it is

FURTHER ORDERED that Mr. Sanford shall abide by the release plans and arrangements implemented by the Probation Office in the Eastern District of Pennsylvania; and it is

FURTHER ORDERED that the government shall submit a status report to update the Court on the status of Mr. Sanford's release and transfer on or before October 24, 2024.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 10/10/24

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of __8__

DEFENDANT: Robert Sanford
CASE NUMBER: CR 21-86

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
36 Months

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/19)  Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: Robert Sanford
CASE NUMBER: CR 21-86

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

Case 1:21-cr-00086-PLF   Document 67   Filed 10/10/24   Page 7 of 11

AO 245C (Rev. 09/19)  Amended Judgment in a Criminal Case
                      Sheet 3D — Supervised Release                                          (NOTE: Identify Changes with Asterisks (*))

Judgment—Page  5  of  8

DEFENDANT: Robert Sanford
CASE NUMBER: CR 21-86

## SPECIAL CONDITIONS OF SUPERVISION

You are ordered to make restitution totalling $5,798.00 to the following victims: Architect of the Capitol in the amount of $2,000.00 and Officer W.Y in the amount of $3,798.00 for medical expenses.

You shall pay a special Assessment in the amount of $100.00 (due immediately). If you are unable to pay the entire sum of restitution totalling $5,798.00, you shall pay the sum in equal monthly installments of no less than $75.00 to commence 1 month after your release from prison. Payments shall be made over a period of 36 months. The court determined you do not have the ability to pay interest and therefore waives any interest or penalties that may accrue on the balance of restitution.

Financial Restrictions - You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

Substance Abuse Counseling/ Treatment -You must participate in an inpatient and/or outpatient substance abuse treatment and counseling program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Substance Abuse Testing - You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

Mental Health Treatment - You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Re-entry Progress Hearing - Within forty-five days of release from incarceration you will appear before the Court for a re-entry progress hearing. The United States Probation Office in the district you are supervised will submit a progress report to the court within the thirty days of the commencement of supervision; upon receipt of the progress report, the Court will determine if your appearance is required. Eastern District of Pennsylvania shall submit a progress report within 30 days of defendants's placement on Supervised Release.

Supervision is transferred to the Eastern District of Pennsylvania, and Jurisdiction will be transferred after a reentry hearing is held by the court.

You shall stay away from Washington, DC until your term of supervised release is completed.


Note: You are excused from standard condition #7 (Full Time Work Requirement) due to retirement status.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 6 of 8

DEFENDANT: Robert Sanford
CASE NUMBER: CR 21-86

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 5,798.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk of the Court for the United States District Court for the District of Columbia for disbursement to the following Victims: | | | |
| Architect of the Capitol Ford House Office Building Room H2-205B Washington, DC 20515 Att: Kathy Sherill, CPA | | $2,000.00 | |
| **TOTALS** | $ 0.00 | $ 5,798.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☑ the interest requirement is waived for    ☐ fine    ☑ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 7 of 8

DEFENDANT: Robert Sanford
CASE NUMBER: CR 21-86

## ADDITIONAL RESTITUTION PAYEES

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Officer W.Y. | | $3,798.00 | |

\* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __8__ of __8__

DEFENDANT: Robert Sanford
CASE NUMBER: CR 21-86

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ __5,898.00__ due immediately, balance due

  ☐ not later than _____, or
  ☑ in accordance with ☐ C, ☑ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☒ D, or ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☑ Payment in equal __Monthly__ (e.g., weekly, monthly, quarterly) installments of $ __75.00__ over a period of __36 Months__ (e.g., months or years), to commence __30 Days__ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The financial obligations ($100 Special Assessment, $5798.00 Restitution) are immediately payable to the Clerk of the Court for the U.S. District Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full. If payments are not paid immediately, defendant shall make monthly payments at a rate of $75.00 over a period of 36 months while on Supervised Release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245C (Rev. 09/19) Criminal Judgment
Sheet 8 — Reason for Amendment

Not for Public Disclosure

DEFENDANT: Robert Sanford
CASE NUMBER: CR 21-86
DISTRICT: District of Columbia

## REASON FOR AMENDMENT
**(Not for Public Disclosure)**

**REASON FOR AMENDMENT:**

- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R.Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R.Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
- ☑ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant to
  - ☐ 28 U.S.C. § 2255 or     ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)